# UNITED PACIFIC INSURANCE COMPANY,
*Respondent,*

*v.*

# MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Appellant.*

## SULLIVAN et al,
*Respondents,*

*and*

## D. D. SULLIVAN, INC.,
*Defendants.*

(86C-10370; CA A44522)

761 P2d 4

Alfred T. McGill, Portland, argued the cause for appellant. With him on the briefs were Richard W. Kapranos and McGill & Kapranos, Portland.

Mildred J. Carmack, Portland, argued the cause for

respondent United Pacific Insurance Company. With her on the brief were Henry C. Willener and Schwabe, Williamson & Wyatt, Portland.

No appearance for respondents Dempsey D. Sullivan, Mary M. Sullivan, Dale R. Kincaid or Eleanor Kincaid.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this declaratory judgment action, plaintiff United Pacific Insurance Company (United), the liability insurer of defendant Dale Kincaid, sought a declaration that it is not responsible for Kincaid's defense or indemnity and that defendant Mutual of Enumclaw (Mutual) is responsible, in connection with an underlying action against Kincaid by defendants Sullivan. Kincaid and his wife, defendant Eleanor Kincaid, cross-claimed for a declaration that Mutual has a duty to defend and indemnify him.

Kincaid is an employe of defendant Kilroy's Mobile Sales, which leased a warehouse from the Sullivans for use in its business. This controversy arose out of a fire at the warehouse, which Kincaid caused while displaying a motorcycle to his wife. Although the motorcycle was the personal property of defendant Thomas Connell, Kilroy's president, Kincaid apparently believed that it was merchandise owned by Kilroy's, and he was attempting to sell it to his wife on Kilroy's behalf when he started the fire. Mutual is Connell's automobile insurer, and it is also the primary and umbrella carrier for Kilroy's. Both insurers contend that the other's policy or policies provide coverage to Kincaid for the episode and that their own does not.[1]

The case was tried to the court, which declared that the United policy excluded coverage for the incident and that Mutual "has a duty to defend and indemnify defendant Kincaid" under both its policy insuring Connell and its umbrella coverage of Kilroy's. Mutual appeals. It assigns four errors which, in effect, challenge the court's rulings as to each of the policies. Mutual demonstrates no error in the rulings concerning its umbrella coverage or United's coverage, and no discussion of Mutual's assignments concerning those issues is warranted.

However, we agree with Mutual that the court erred in ruling that Kincaid is covered by its automobile policy insuring Connell. Permissive users are "insureds" under that policy only if they have the *express* permission of the named insured to use the covered vehicle. The trial judge found that

---

[1] The parties and claims which we have not mentioned are not relevant to our discussion.

"Kincaid did have permission, though not express permission, to use the vehicle to the extent of demonstrating it to a prospective purchaser." It follows as a matter of law from that finding that the policy did not cover Kincaid when he caused the fire. United argues that there was no evidence from which the finding could be made that Connell did not give Kincaid express permission to use the vehicle. That argument is incorrect.[2]

Reversed as to declaration that Mutual of Enumclaw has duty to defend and indemnify Kincaid under the automobile policy insuring Connell; otherwise affirmed.

[2] It is questionable whether United has any interest in Mutual's coverage of Kincaid which is not rendered moot by the holding that United's coverage does not apply. The Kincaids do have an interest in that issue, but they have not appeared in this appeal. However, Mutual does have a distinct interest in the issue, and its assignment of error is well taken, whether or not United's response to it is considered.